IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          CASE NO. 1:03-cr-00055-MP -AK

SANTANA MACEDO,

    Defendant.

_____/

## **O R D E R**

This matter is before the Court on Doc. 70, Motion to Set Aside Sentence or Vacate Plea and Sentence, and Doc. 72, a nearly-identical Motion to Vacate, both by Santana Macedo. Defendant argues that his guilty plea should be set aside because of his prior counsel's failure to make him aware that he may be deported as a consequence of pleading guilty to a felony drug trafficking conviction. The United States has responded to the motion, Doc. 71, and this Court now reviews it.

A one-year period of limitation shall apply to a motion under 28 U.S.C. § 2255 such as this one. The limitation period shall run from the latest of:

    1)    the date on which the judgment of conviction becomes final;
    2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2255(f).

As to the first prong of § 2255(f), Defendant's conviction became final on May 12, 2004, more than one year ago, Doc. 53.  As to the second prong, Mr. Macedo alleges no government impediment to filing a post-conviction motion.  As to the fourth prong, Defendant was notified that he may be subject to deportation in his Plea Agreement in 2004, more than a year ago.  Doc. 71, Ex. C.  Defendant was also notified of the possibility of his deportation by an Immigration Detainer on June 5, 2006, more than one year ago.  Doc. 71, Ex. G.

As to the third prong, the Sixth Amendment right to counsel is the right to effective assistance of counsel.  McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970).  The manner of challenging the effectiveness of one's counsel was established more than one year ago, in Strickland v. Washington, 466 U.S. 668 (1984).  Mr. Macedo's claim that his counsel was ineffective is not made pursuant, therefore, to a new constitutional right.  The rule that failure to advise of deportation consequences of a guilty plea is *per se* ineffective assistance, established in Padilla v. Kentucky, 130 S.Ct. 1473 (2010), was not made retroactive to cases on collateral review.

Therefore, Defendant's motions, filed on December 1, 2010 and December 14, 2010, have not been made within one year of any of the qualifying events described in 28 U.S.C. § 2255(f).  They are untimely, and may not be granted.  Accordingly, Motion to Set Aside Sentence or Vacate Plea and Sentence, Doc. 70, and Motion to Vacate, Doc. 72, are both DENIED.

**DONE AND ORDERED** this __15th__ day of December, 2010

　　　　　　　　　　　　　　　　　___*s/Maurice M. Paul*___
　　　　　　　　　　　　　　　　　Maurice M. Paul, Senior District Judge